**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| **Gusbany Gonzalez Reina**<br>*Plaintiff*,<br><br>v.<br><br>**Todd Blanche**, Acting Attorney General of the United States; **Markwayne Mullin**, Secretary, Department of Homeland Security; **Joseph B. Edlow**, Director, Citizenship and Immigration Services; **Ruth Dorochoff**, District Director, Citizenship and Immigration Services, Tampa, Florida; **Leslie Meeker**, Director, Citizenship and Immigration Services, Tampa, Florida.<br><br>*Defendants*. | X<br>X<br>X<br>X<br>X<br>X<br>X<br>X<br>X<br>X<br>X<br>X<br>X<br>X<br>X<br>X<br>X<br>/ | Case No. |

**COMPLAINT FOR ISSUANCE OF WRIT OF MANDAMUS**

To the Honorable Judge of Said Court:

## I. INTRODUCTION

This action is brought by Plaintiff to request this Court to compel Defendants to properly adjudicate a Form I-485, Application to Register Permanent Residence or Adjust Status ("Form I-485"). This application was filed with United States Citizenship and Immigration Services ("USCIS") on or about September 23, 2019, and remains pending before USCIS.

## II. PARTIES

1. Plaintiff, **Gusbany Gonzalez Reina**, is a native and citizen of Cuba.
2. Defendant **Todd Blanche**, is the Acting Attorney General of the United States. Defendant Blanche is being sued in his official capacity as the Attorney General of the

United States. Through the U.S. Department of Justice and the Federal Bureau of Investigation, Defendant Blanche is responsible for conducting name checks and other background investigations necessary for the adjudication of immigration petitions and applications, including applications for Adjustment of Status.

3. Defendant, **Markwayne Mullin**, is the Secretary of the Department of Homeland Security. His responsibilities include the administration and enforcement of the Immigration and Nationality Act in accordance with 8 U.S.C. § 1101 *et seq*. Defendant Mullin is being sued in his official capacity.

4. Defendant, **Joseph B. Edlow**, is the Director, of Citizenship and Immigration Services, an agency of the government of the United States involved in actions challenged herein. Defendant Joseph B. Edlow is being sued in his official capacity.

5. Defendant, **Ruth Dorochoff**, is the District Director for District 10 of USCIS. Defendant Dorochoff is being sued in her official capacity.

6. Defendant, **Leslie Meeker**, is the Field Office Director of the USCIS Tampa Field Office. Defendant Meeker is being sued in her official capacity.

## III. JURISDICTION

1. This civil action is brought pursuant to 28 U.S.C. §§ 1331 and 1361 to remedy the deprivation of rights, privileges, and immunities secured to Plaintiff, thereby conferring jurisdiction and seeking to compel Defendants to perform duties owed to Plaintiff.

2. Jurisdiction is further conferred in accordance with 5 U.S.C. § 704, as Plaintiff is aggrieved by the Agency's failure to act in this matter. Pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 702 et seq., such inaction provides a basis for judicial review by the District Courts.

3. Aid of the Court is invoked pursuant to 28 U.S.C. §§ 2201 and 2202, authorizing a declaratory judgment.

4. Costs and attorney fees will be sought in accordance with the Equal Access to Justice Act. 5 U.S.C. § 504 and 281 U.S.C. § 2412(d), *et seq*.

**IV. VENUE**

5. That venue is proper in Tampa, Florida, and the Tampa Division of the Middle District of Florida in accordance with 28 U.S.C § 1391(e) as Plaintiff resides in Hillsborough County, Florida, within the territorial limits of the Tampa Division.

**V. REMEDY SOUGHT**

6. Plaintiff respectfully requests this Court compel Defendants to adjudicate the Form I-485, filed with Defendants on or about September 23, 2019.

**VI. CAUSE OF ACTION**

7. Plaintiff is a native and citizen of Cuba.

8. On or about September 23, 2019, Plaintiff filed his Form I-485 with USCIS seeking to adjust his status to that of a lawful permanent residence in accordance with the Cuban Adjustment Act ("CAA"). This petition was issued receipt number MSC1991698962. *See* Exhibit 1.

9. As of the filing of this Complaint, Plaintiff's Form I-485 remains pending adjudication with Defendants, with no explanation for the delay and no indication as to when a decision will be rendered. *See* Exhibit 2.

10. On or about March 26, 2026, Plaintiff, with the assistance of counsel, contacted USCIS by calling their customer service line, and inquired about the delay in processing his

Form I-485. The customer service representative was unable to provide a reason for the delay.

11. USCIS does not provide the average processing times for Forms I-485 filed in accordance with the CAA; however, according to USCIS it is processing 80% of similar applications at the Tampa Field Office within 14-months. *See* Exhibit 3.

12. Plaintiff submits after receiving the filing receipt for his pending Form I-485 from Defendants, no further action has been taken to adjudicate his application. There is no evidence the agency is actively reviewing Plaintiff's case. *See Grinberg v. Swacina*, 478 F.Supp.2d 696, 701 (E.D. Va. 2006) (holding because USCIS had provided an affidavit confirming the case was being actively reviewed there was no unreasonable delay.)

13. In *Telecommunications Research & Action Center v. FCC ("TRAC")*, 750 F2.d 70 (D.C. Cir. 1984), the Court held the following factors should be considered when determining whether the agency's delay has become unreasonable: (1) whether the government's timeframe is rational; (2) whether there are applicable statutory timeframes; (3) the consequences of continued delay; (4) whether the delay is because of the complexity of the case, security related, or due to administrative backlogs; and (5) whether processing the case would negatively affect other pending cases.

14. The delay in the adjudication of Plaintiff's Form I-485 has become unreasonable. A delay of nearly 7-years is not rational for processing a Form I-485, where Forms I-485 under other categories are processing within 14-months. Plaintiff is currently in removal proceedings and the Immigration Judge does not have jurisdiction over the pending Form I-485. *See* Exhibit 4. If the Form I-485 is granted, Plaintiff will be

eligible to ask the Immigration Court to terminate his removal proceedings, and if it is denied, he will have the opportunity to ask the Immigration Court to review his Form I-485. Plaintiff's Form I-485 is not unusually complex.[1] To the best of the undersigned's knowledge, there are no security related issues which would delay the adjudication of Plaintiff's Form I-485, and any backlogs with USCIS should not include Plaintiff's Form I-485 as it has been pending nearly 7-years. Finally, because Plaintiff has waited nearly 7-years for a decision on his case, ordering the government to adjudicate his application would not be a request to move Plaintiff to the front of the line negatively affecting other applicants; rather, delay has become unreasonable and Plaintiff's application should be timely adjudicated.

15. Plaintiff seeks the aid of this Court in ordering Defendants to timely adjudicate the pending Form I-485.

16. Mandamus is appropriate because there is no other remedy at law. Plaintiff seeks to compel Defendants to make proper decisions on her pending Form N-400 in accordance with the applicable law. This cause of action arises from the delayed administrative action required to provide this Court with jurisdiction in accordance with the Mandamus Act and the Administrative Procedure Act.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Accept and maintain jurisdiction of this action;

[1] Plaintiff submits he was convicted of a crime which requires a Form I-601, Application for Waiver of Grounds of Inadmissibility, which he has submitted to USCIS. *See* Exhibit 5.

2. Conduct any necessary hearings or examinations of Plaintiff in order to determine if the relief requested herein is warranted as a matter of law;
3. Declare the actions of Defendants an unreasonable delay in accordance with 5 U.S.C. § 706(1);
4. Plaintiff asks that this Court issue a writ in the nature of mandamus pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) to compel Defendants to adjudicate Plaintiff's Form I-485 within a reasonable period of time;
5. Plaintiff asks that this Court issue a preliminary and permanent injunction in accordance with 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) to compel Defendants to adjudicate Plaintiff's Form I-485 within a reasonable period of time;
6. Grant attorneys' fees and costs of this suite pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;
7. Grant any other relief it deems just and proper.

Respectfully submitted,

/s/ Rachel Krewson /s/
Rachel Krewson, Esquire
Attorney for Plaintiff
Lim Krewson
610 North Wymore road, Suite 110
Maitland, Florida 32751
Phone: (407) 897-8870
Email: rachel@limkrewson.com
Florida Bar No. 118765

**Table of Contents**
**Documents in Support of Complaint**
**Gusbany Gonzalez Reina v.**
**Todd Blanche, Acting Attorney General of the United States, *et al*.**

---

Exhibit 1: Form I-485 Filing Receipt (September 23, 2019);

Exhibit 2: Printout from USCIS Online Case Status;

Exhibit 3: USCIS Case Processing Times and Processing Time Explanation;

Exhibit 4: Notice of Hearing before the Executive Office of Immigration Review (July 8, 2026);

Exhibit 5: Form I-601 Filing Receipt (May 15, 2026).